LOCAL UNION NO. 370 OF the INTER-NATIONAL UNION OF OPERATING ENGINEERS, Plaintiff/Counterdefendant-Appellee,

v.

MORRISON–KNUDSEN COMPANY, INC., Defendant/Counterclaimant-Appellant.

No. 85–3746.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 1985.

Decided March 13, 1986.

Designated for Publication April 15, 1986.

Andrew M. Chasan, Lyons, Bohner, Chasan & Walton, Boise, Idaho, for plaintiff/counterdefendant-appellee.

Cathy R. Silak, Atty., Phillip M. Barber, Hawley, Troxell, Ennis & Hawley, Boise, Idaho, for defendant/counterclaimant-appellant.

Before KENNEDY and REINHARDT, Circuit Judges, and STEPHENS,* Senior District Judge.

---

* The Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

**PER CURIAM:**

Morrison-Knudsen appeals from the district court's order granting summary judgment to the Union in an action to compel arbitration pursuant to section 301 of the Labor Management Relations Act. We affirm.

## I. BACKGROUND

Morrison-Knudsen and the Union are parties to a collective bargaining agreement which mandates arbitration for all properly-processed grievances involving disputes regarding the interpretation or application of the terms of the agreement. In a prior state court action, Morrison-Knudsen alleged that it had been making excess contributions to trust funds established for the benefit of Morrison-Knudsen's employees. The state court suit, to which the Union was not a party, ended in a settlement which provided in part that Morrison-Knudsen was not obligated to contribute to the trust funds for hours paid but not worked. The Union claims that since it has been established that Morrison-Knudsen is not required to pay these amounts to the trust funds, then under the terms of the collective bargaining agreement it must pay them to the employees directly. Morrison-Knudsen disagrees. The Union brought the present action to compel arbitration of this dispute.

The district court granted the Union's motion for summary judgment, compelling Morrison-Knudsen to arbitrate the dispute. Morrison-Knudsen appeals, contending that the district court should have denied the Union's request for arbitration because: 1.) the prior settlement with the trustees precludes the Union's claim; and 2.) the Union's right to arbitration is defeated by the defenses of waiver, equitable estoppel, and mootness.

## II. ANALYSIS

■ We must first decide whether the parties agreed to arbitrate this dispute. Whether a collective bargaining agreement is susceptible to an interpretation supporting arbitrability is a question for the courts to decide. *International Union of Operating Engineers v. Flair Builders, Inc.,* 406 U.S. 487, 491, 92 S.Ct. 1710, 1712, 32 L.Ed.2d 248 (1972); *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 241, 82 S.Ct. 1318, 1320–21, 8 L.Ed.2d 462 (1962); *Francesco's B., Inc. v. Hotel and Restaurant Employees and Bartenders Union,* 659 F.2d 1383, 1387 (9th Cir.1981). All doubts should be resolved in favor of arbitrability. *United Steelworkers of America v. Warrior and Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960).

■ The dispute between the parties is clearly subject to arbitration; indeed, Morrison-Knudsen does not seem to contest this notion. Article IX of the collective bargaining agreement subjects all unsettled grievances to arbitration. Articles XXII and XXIII require Morrison-Knudsen to make certain contributions to the various trust funds. However, according to the Union, it bargained for a fixed total compensation package, only part of which was to take the form of contributions to the trust funds. The balance was to be paid directly to the employees. Therefore, the Union argues, because it has been determined that Morrison-Knudsen is not required to pay the disputed amounts in the form of contributions to the trust funds, it must pay those amounts directly to the employees. Morrison-Knudsen reads the collective bargaining agreement differently. It contends that there is no requirement that it pay the disputed amounts to anyone. This dispute is exactly the type envisioned by the parties as being subject to arbitration.

The crux of Morrison-Knudsen's argument here, however, is that the district court possessed jurisdiction to rule on the defenses raised by Morrison-Knudsen, and hence could refuse to compel arbitration. Morrison-Knudsen argues that the prior settlement with the funds' trustees should be given preclusive effect, despite the fact that the state suit was not litigated to a conclusion and the Union was not a party to the state court action. Its argument is

not particularly persuasive. Nor is its equitable estoppel argument; nothing in the record shows any justified reliance on Morrison-Knudsen's part. Similarly, contrary to Morrison-Knudsen's contention, the Union's grievance does not appear to be mooted by the prior settlement. The grievance raises a different issue than was presented in the litigation: here, the question is whether the employees, not the trustees, are entitled to the disputed amounts. Finally, it is not likely that the Union's grievance can be considered untimely, and its right to arbitration thus waived, since the claim that underlies the grievance did not arise until Morrison-Knudsen and the trustees had settled the state court action by agreeing that the trustees were not entitled to the amounts in question.

■ ■ We need not, however, resolve the merits of Morrison-Knudsen's procedural defenses. Our inquiry ends upon determining that the dispute is subject to arbitration. "Once it is determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley and Sons v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964) (whether preliminary steps in the grievance procedure have been followed is a question for the arbitrator); *see also Retail Delivery Drivers v. Servomation*, 717 F.2d 475, 477 (9th Cir.1983) (whether the grievance was timely filed is a question for the arbitrator). Even matters that are "extrinsic" to the process of interpreting the collective bargaining agreement, such as defenses of collateral estoppel and equitable estoppel, are subject to arbitration. *See International Union of Operating Engineers v. Flair Builders, Inc.*, 406 U.S. 487, 490–92, 92 S.Ct. 1710, 1712–13, 32 L.Ed.2d 248 (1972) (defense of laches is for the arbitrator to decide); *see also Auto Marine & Specialty Painters v. Bay Area Sealers, Inc.*, 577 F.2d 609, 610 (9th Cir. 1978) (defense of repudiation is for the arbitrator to decide). Once a court determines that the parties agreed to arbitrate a dispute, then that dispute must be submitted to the arbitrator. *See Flair Builders*, 406 U.S. at 491–92, 92 S.Ct. 1712–13. The Union filed a grievance over a legitimate question regarding the interpretation or application of the agreement. Having decided that the collective bargaining agreement is in existence and that it provides for the arbitration of that dispute, the district court was correct in its decision to leave all remaining issues, including any procedural defenses, to the arbitrator.

Morrison-Knudsen's reliance upon *California Trucking Ass'n v. Brotherhood of Teamsters*, 679 F.2d 1275 (9th Cir.1981), *cert. denied*, 459 U.S. 970, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982), is misplaced. It is well-settled law that the question whether repudiation has occurred must normally be submitted to the arbitrator. *Auto, Marine & Specialty Painters v. Bay Area Sealers, Inc.*, 577 F.2d 609, 610 (9th Cir.1978). Nevertheless, in *California Trucking*, this court ruled that the district court had jurisdiction to resolve a repudiation defense to arbitration in the special circumstance where the conduct allegedly giving rise to repudiation took place before the court. We carved out this narrow exception to the general rule on the ground that a court has the inherent right "to determine the validity of equitable defenses arising from the parties' conduct before the court." 679 F.2d at 1283. This exception does not apply to the instant case. Morrison-Knudsen's arguments are not based on conduct that occurred during the proceedings below; they relate to conduct of the parties occurring *prior* to the action to compel arbitration.

## III. CONCLUSION

The district court correctly ruled that the Union's grievance is subject to arbitration. Judicial inquiry necessarily ceases with this determination. We do not, and cannot, pass on Morrison-Knudsen's claim of issue preclusion, or the various defenses it raises in an effort to avoid arbitration. To allow Morrison-Knudsen to raise these claims in

a judicial forum could deprive the Union of its contractual right to arbitrate all grievances, and would be contrary to the national labor policy of encouraging arbitration.

AFFIRMED.